IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELMER J. PERRY,
No. 39214-044,

Petitioner,

vs.                                                          Case No. 14-cv-1046-DRH

WARDEN WALTON,
and the USA,

Respondents.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the calculation of his sentencing credit.  He is now serving a 48-month sentence, after pleading guilty to using a communication facility to facilitate a drug crime, in violation of 18 U.S.C. § 843(b) and 21 U.S.C. § 843(d)(1).  *United States v. Perry*, Case No. 12-cr-80-HEA-1 (E.D. Mo., Doc. 70).  The trial court ordered this federal sentence to be served concurrently with a state sentence that had previously been imposed.  Petitioner asserts that he should have been given credit for time he spent in custody from January 7, 2012, through December 3, 2012 (Doc. 1).

Before bringing this action, petitioner filed a motion in the sentencing court pursuant to 28 U.S.C. § 2255 raising the same issue.  *Perry v. United States*, Case No. 13-cv-2161 (E.D. Mo.).  That matter is still pending.

Without commenting on the merits of petitioner's claim, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

### Respondents

In addition to naming the Marion warden as a respondent, petitioner has included the United States of America as an additional party in this action. However, in a habeas corpus proceeding, the only proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

Accordingly, the Clerk is **DIRECTED** to terminate the United States of America as a respondent in this action.

### Filing Fee

When petitioner filed this action, he did not pay the $5.00 filing fee, nor did he submit a motion for leave to proceed *in forma pauperis* ("IFP"). The Clerk of Court instructed him to either pay the fee or file his IFP motion no later than October 29, 2014, and notified him that failure to take either action would result in the dismissal of this case (Doc. 2). To date, petitioner has not submitted any payment or motion.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**IT IS THEREFORE ORDERED** that petitioner shall, no later than **October 29, 2014**, either pay the $5.00 filing fee for this action, or file his completed motion for leave to proceed IFP along with his prisoner trust fund account statement for the six months preceding the filing of this action.  If petitioner fails to timely comply with this order, this case shall be dismissed.

### Response

**IT IS FURTHER ORDERED** that respondent Walton shall **answer or otherwise plead within thirty days of the date this order is entered (on or before November 20, 2014)**.[2]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[2]  The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  See SDIL-EFR 3.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Signed this 20th day of October, 2014.**

Digitally signed by David R. Herndon
Date: 2014.10.20 12:12:20 -05'00'

**United States District Judge**