IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ELMER J. PERRY,**

        **Petitioner,**

**vs.**                                          Civil No.  14-cv-1046-DRH-CJP

**MAUREEN BAIRD,**

        **Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Elmer J. Perry filed a petition for writ of habeas corpus under 28 U.S.C. §2241 arguing that he is entitled to pre-sentence credit.  (Doc. 1).

This matter is now before the Court both on respondent's Motion to Dismiss (Doc. 15) and on the merits of the petition itself.

## Relevant Facts and Procedural History

In November 2012, petitioner was sentenced in the Eastern District of Missouri to 48 months imprisonment for Use of a Communication Facility to Facilitate a Drug Trafficking Crime in violation of 21 U.S.C. §§ 843(B) and (D)(1), to be followed by one year of supervised release.  Doc. 12, Ex. 2, pp. 6-11.[1] Petitioner argues that he is entitled to credit on that sentence for the time he spent in federal custody from January 7, 2012, through December 3, 2012.[2]

---

[1] For clarity, the Court will refer to the Document, Exhibit and Page numbers assigned by the CM/ECF electronic filing system.

[2] Respondent points out that petitioner's dates are a little off as he came into temporary federal custody on January 20, 2012, and he was sentenced in the Eastern District of Missouri on

Perry had several Missouri state convictions before he was indicted federally. As is relevant here, in January 2007, Perry was sentenced in the Circuit Court for St. Louis County, Missouri, in Case Nos. 2106R-00782B-01 (Burglary 2d Degree and Stealing Over $500) and 2106R-02484-01 (Stealing a Credit Card), to concurrent sentences of five years' probation. Doc. 12, Ex. 2, pp. 19-20. On June 9, 2011, Perry's probation was revoked in both cases and he was sentenced to five years imprisonment with an anticipated conditional release date of March 6, 2015. *Ibid.*

On November 9, 2011, petitioner was sentenced in the Circuit Court for the City of St. Louis, Missouri, in Case Number 1122-CR00828-01 (Possession of a Controlled Substance and Possession of Drug Paraphernalia) to a six year term of imprisonment to run concurrently with the sentences imposed in Case Numbers 2106R-00782B-01 and 2106R-02484-01. Doc. 12, Ex. 2, p. 21.

On January 20, 2012, petitioner was transferred to temporary federal physical custody pursuant to a federal writ *ad prosequendum* on the Eastern District of Missouri charge of Use of a Communication Facility to Facilitate a Drug Trafficking Crime.[3] He remained in temporary federal physical custody until he

---

November 28, 2012. Doc. 12, p. 1, n.1. The discrepancy in the dates makes no difference in the analysis of the merits of the petition.

[3] A writ *ad prosequendum* "permits one sovereign - called the 'receiving sovereign '- to 'borrow' temporarily a person in the custody of another sovereign - called the 'sending sovereign' - for the purpose of prosecuting him. It thus permits the receiving sovereign to perform such acts as indicting, arraigning, trying, and sentencing the person. See *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir.1989) (per *curiam*). Because the receiving sovereign merely obtains limited jurisdiction over the 'borrowed' prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign. See *id. Jake v. Herschberger*, 173 F.3d 1059, 1061, n.1 (7th Cir. 1999)

was sentenced on November 28, 2012. Doc. 12, Ex. 2, p. 34. His federal sentence was to run concurrently with the Missouri state prison terms that he was then serving. Ex. 2, p. 7.

Following the imposition of his federal sentence, Perry was returned to the physical custody of the State of Missouri on November 30, 2012. Doc. 12, Ex. 2, p. 34.

The Bureau of Prisons ("BOP") prepared a sentence calculation following petitioner's commitment to the BOP on February 4, 2013. His sentence began to run on the date it was imposed, November 28, 2012. He was given no prior credit for time served. His statutory release date via good conduct credit was calculated to be May 23, 2016. Doc. 12, Ex. 2, pp. 42-43. Se also, Affidavit of BOP Correctional Program Specialist Forest B. Kelly, Ex. 2, pp. 1-4.

Perry was released from the BOP on June 20, 2016, and began serving his one year term of supervised release. Doc. 15, Ex. 1.

### Motion to Dismiss, Doc. 15

Respondent argues that the petition is moot because petitioner is no longer in the custody of the BOP. Petitioner has not filed a response to the motion.

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. Perry was in the custody of the BOP when he filed his petition.

While release from physical custody does not necessarily render the petition

moot, the petition must still present a "case or controversy" under Article III, §2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna,* 118 S. Ct. 978, 983 (1998).

The fact that petitioner has been released from prison, standing alone, does not mean that the petition is moot. Respondent's argument ignores the fact that, upon his release from the BOP, petitioner began serving a one year term of supervised release. If the claim advanced in the habeas petition is correct, Perry should have been released from the BOP earlier and would have begun serving his term of supervised release earlier. Therefore, if he were entitled to habeas relief, he would be entitled to relief in the form of an earlier termination of his supervised release. See, *White v. Indiana Parole Board*, 266 F.3d 759, 763 (7th Cir. 2001).

Accordingly, the petition presents a "case or controversy" regardless of Perry's release. The Motion to Dismiss **(Doc. 15)** is **DENIED**.

### Merits of Habeas Petition

1. **Applicable Law**

The Attorney General, acting through the Bureau of Prisons, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 112 S.Ct. 1351, 1355 (1992). The calculation, i.e., the execution, of the sentence can be challenged in a Section 2241 petition. See, *Romandine v. U.S.*, 206 F.3d 731, 736 (7th Cir. 2000); *Waletzki v.*

*Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994)(Where petitioner is "attacking the fact or length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced, habeas corpus is the right remedy.")

18 U.S.C. §3585(b) governs credit for pretrial detention against federal sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*
>
> (emphasis added).

**2.  Analysis**

The Seventh Circuit has repeatedly held that §3585(b) means what it says: the time that a defendant spends in pre-sentence custody cannot be credited to his newly-imposed federal sentence if that time has been credited to another sentence. See, *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996)("The statute [§3585(b)] is explicit that you can get credit against only one sentence, and the defendant was already getting credit against the sentence for his parole violation."); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."); *Grigsby v. Bledsoe*, 223 F. App'x. 486,

488-489 (7th Cir. 2007), and cases cited therein; *Short v. Revell*, 152 F. App'x 542, 544 (7th Cir. 2005); *Easley v. Stepp*, 5 F. App'x 541, 542 (7th Cir. 2001).

§3585(b) applies to presentence time that is credited to a state sentence as well as time that is credited to another federal sentence. *Manuel v. Terris*, 803 F.3d 826, 828 (7th Cir. 2015). Because the period of time that Perry seeks credit for was credited to his Missouri state sentences, he cannot receive credit for it against his federal sentence.

Perry does not dispute that §3538(b) operates as explained above. Rather, he appears to dispute whether the time period in issue was actually credited to his state sentence. He claims that he was removed from the custody of the state in January 2012 "just a day or so from his final Parole and Release" and that he was "immediately paroled and released [by the state] back to the Federal Government" on December 3, 2012. See, Reply, Doc. 14, p. 1. Petitioner's statements confirm rather than undermine the BOP's sentence calculation. Even by his own account, his state sentence continued to run while he was in temporary federal physical custody under the writ *ad prosequendum*, and he was not paroled by the state until after his federal sentence had been imposed.

Perry also claims that the District Judge who sentenced him in the Eastern District of Missouri recommended that he receive all "jail credit" due him. However, §3538(b) does not authorize the sentencing judge to award credit for presentence time – the authority to do so rests solely with the Attorney General, acting through her designee, the BOP. *United States v. Wilson*, 112 S.Ct. 1351,

1354 (1992).

In short, all of the time for which petitioner seeks credit was, in fact, credited to his Missouri sentences. Therefore, the time cannot be credited toward his federal sentence as well.

### Conclusion

Respondent's Motion to Dismiss (Doc. 15) is **DENIED**.

The Court finds that petitioner is not entitled to habeas relief, and, therefore, his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 **(Doc. 1)** is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Signed this 29th day of September, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.09.29 15:05:29 -05'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).